826 So.2d 1043 (2002)
James Christopher WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-28.
District Court of Appeal of Florida, First District.
August 22, 2002.
Rehearing Denied October 23, 2002.
*1044 Nancy Daniels, Public Defender, and Robert Friedman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges a final order by which the trial court declared him a "sexually violent predator" and committed him to the custody of the Department of Children and Families, pursuant to part V of Chapter 394, Florida Statutes, commonly referred to as the Jimmy Ryce Act. Although we reject his various constitutional challenges to the Act, see Hudson v. State, 825 So.2d 460 (Fla. 1st DCA 2002), we reverse the final order and remand this case for a new trial because the trial judge erred in refusing the appellant's request to instruct the jury as to an essential element of proof.
As we noted in Hudson, the United States Supreme Court has addressed the issue of what the state must prove to permit civil confinement of sexually violent predators without offending substantive due process principles. Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997); Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). In Hendricks, the Court concluded that before a person can be constitutionally committed as a sexually violent predator under the Kansas Sexually Violent Predator Act, the trier of fact must find by at least clear and convincing evidence that the person has been convicted of one or more enumerated sexually violent offenses, that the person suffers from a mental abnormality or personality disorder, and that such condition renders the person likely to commit future acts of sexual violence. In Crane, the Court added a fourth element of proof under the Kansas Actthat the person has "serious difficulty" in controlling his or her behavior.
As explained in Hudson, this fourth element of proof is likewise essential under the Florida Act. The appellant was therefore entitled to an instruction as to this element, and the trial court erred in refusing to give it. The appealed order is accordingly reversed, and this case is remanded for a new trial.
ALLEN, C.J., BENTON and PADOVANO, JJ., concur.