870 So.2d 168 (2004)
In re COMMITMENT: Stephen Edward ALLEN.
Stephen Edward Allen, Appellant,
v.
State of Florida, Appellee.
No. 2D02-1810.
District Court of Appeal of Florida, Second District.
January 28, 2004.
James Marion Moorman, Public Defender, Celene Humphries, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Janet A. McDonald, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Stephen Edward Allen challenges his commitment as a sexually violent predator pursuant to the Jimmy Ryce Act, part V of *169 chapter 394, Florida Statutes (2001). Because we conclude that none of the issues raised by Allen has merit, we affirm his commitment.
Allen raises certain issues regarding the conduct of the commitment proceeding which are without merit. On those issues, we affirm without further comment. We comment only on an issue raised by Allen concerning the adequacy of the jury instructions.
Allen challenges the trial court's refusal to give his special requested jury instruction, which would have required the jury to make a specific finding that he had serious difficulty controlling his sexually violent behavior before determining that he should be involuntarily committed as a sexually violent predator. The trial court instead gave an instruction that made reference to a finding that Allen's mental abnormality or personality disorder made him "likely to engage in acts of sexual violence, if not confined in a secure facility for long-term control, care, and treatment." Allen argues that the instruction given is inadequate under Kansas v. Crane, 534 U.S. 407, 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), which held that substantive due process requires that "there must be proof of serious difficulty in controlling behavior" in proceedings for the involuntary civil commitment of sexually violent predators.
We have previously addressed a similar challenge to the adequacy of jury instructions in Cartwright v. State, 870 So.2d 152, 2004 WL 86180 (Fla. 2d DCA Jan. 21, 2004); Lee v. State, 854 So.2d 709 (Fla. 2d DCA 2003); and Hale v. State, 834 So.2d 254 (Fla. 2d DCA 2002). In those cases we relied on the decision of the supreme court in Westerheide v. State, 831 So.2d 93 (Fla.2002), which affirmed a commitment under the Ryce Act where an instruction was given similar to the instruction at issue here. We specifically followed the reasoning of the plurality opinion in Westerheide on the jury instruction issue.
The Westerheide plurality reasoned that Crane "requires [not] a specific jury instruction but rather that there must be proof of `serious difficulty in controlling behavior' in order to civilly commit an individual as a sexually violent predator." Westerheide, 831 So.2d at 107. The plurality further concluded that the instruction given at Westerheide's trial conveyed the same meaning as "serious difficulty in controlling behavior."
Cartwright, 870 So.2d at 163.
Due to the lack of a majority opinion in Westerheide and the resulting perceived uncertainty concerning the precedential effect of Westerheide on the jury instruction issue, in both Cartwright and Leewhile rejecting the challenge to the jury instructionwe certified a question of great public importance. As in Hale, Lee, and Cartwright, for the reasons expressed by the plurality in Westerheide, we reject Allen's challenge to the sufficiency of the jury instruction. We follow Lee and Cartwright in certifying the following question to the Florida Supreme Court as one of great public importance:
MAY AN INDIVIDUAL BE COMMITTED UNDER THE JIMMY RYCE ACT IN THE ABSENCE OF A JURY INSTRUCTION THAT THE STATE MUST PROVE THAT THE INDIVIDUAL HAS SERIOUS DIFFICULTY IN CONTROLLING HIS OR HER DANGEROUS BEHAVIOR?
Affirmed; question certified.
CASANUEVA and KELLY, JJ., Concur.