BENTON, J.,
concurring.
Gregory Jones appeals an order civilly committing him as a sexually violent predator under the Jimmy Ryce Act, section 394.917, Florida Statutes (2002). On appeal, he argues that his conviction should be reversed because the trial court did not instruct the jurors that he ought not be committed unless they found that the State had proven either that he was unable to control his dangerous behavior altogether,[1] or that it was “difficult, if not impossible,” for him to control his dangerous behavior. The trial judge instructed the jury:
To prove that the respondent, Gregory Jones, is a sexually violent predator, the State must prove each of the following four elements by clear and convincing evidence: (a) Gregory Jones has been convicted or adjudicated delinquent of a sexually violent offense; and, (b), Gregory Jones suffers from a mental abnormality or personality disorder; and, (c), the mental abnormality or personality disorder makes Gregory Jones likely to engage in acts of sexual violence if not confined in a secure facility for long- *669 term control, care and treatment; and, (d), Gregory Jones has serious difficulty controlling his dangerous behavior.
The second prong of appellant’s contention is preserved because the trial court denied defense counsel’s request “that the fourth element, D, read that Gregory Jones’ dangerousness was caused by or linked to a mental abnormality or personality disorder that makes it difficult, if not impossible, for Gregory Jones to control his dangerous behavior.”
The State is not just required to prove that it is “difficult, if not impossible,” for the subject of Jimmy Ryce Act proceedings to control his behavior. The requirement is that “there must be proof of serious difficulty in controlling behavior,” Crane, 534 U.S. at 413, 122 S.Ct. 867 (emphasis supplied), a more onerous burden for the State than mere “difficulty.” See Hudson v. State, 825 So.2d 460, 471-72 (Fla. 1st DCA 2002) (remanding to give “the state ... an opportunity to prove, at a new trial, that appellant suffers from ‘serious difficulty in controlling his [dangerous] behavior’ ” because the Crane decision came down during the pendency of Mr. Hudson’s trial); White v. State, 826 So.2d 1043, 1044 (Fla. 1st DCA 2002) (“In Crane, the Court added a fourth element of proof ... that the person has ‘serious difficulty’ in controlling his or her behavior.”). Just as the cases require,[2] the instruction given at Mr. Jones’s trial required clear and convincing proof of serious difficulty in controlling his behavior.

. The United States Supreme Court has rejected this first, unpreserved prong of the argument appellant makes here, holding that "the State ... [is not required] to prove that a dangerous individual is completely unable to control his behavior." Kansas v. Crane, 534 U.S. 407, 411, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002).

. Despite the position trial counsel took, Mr. Jones has not argued on appeal that the instruction the trial court gave was deficient for failure to require the jury to find that the difficulty in controlling his behavior is attributable "to the existence of a 'mental abnormality' or 'personality disorder.' " Kansas v. Hendricks, 521 U.S. 346, 358, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997).