PER CURIAM.
Frank Jerome Pearson appeals an order involuntarily committing him as a sexually violent predator under the Jimmy Ryce Act, Part V of chapter 394, Florida Statutes (2002). We affirm.
Defendant-appellant Pearson pled guilty to a series of six sexual batteries which he committed in 1985. Prior to the expiration of his sentences in 2003, the State petitioned to have him involuntarily committed under the Jimmy Ryce Act.
In the commitment proceedings, defendant-appellant Pearson attempted to challenge the constitutionality of the statute. He argued that the conditions at the Florida Civil Commitment Center, which is operated by the Department of Children and Families, are such that the confinement there is punitive incarceration, not civil confinement. He argued that confinement at that institution violates the ex post fac-to, double jeopardy, and due process clauses of the state and federal constitutions. He proffered the facts which he contended would support that conclusion.
The trial court ruled that this claim was not cognizable in a civil commitment proceeding under the Act. The case proceeded to a civil commitment trial at which the jury unanimously found the defendant to be a sexually violent predator. The court committed the defendant to the Department and the defendant has appealed.
We affirm the trial court’s ruling which declined to entertain the constitutional challenge based on the conditions of confinement. The statute contains a specific method for bringing such a challenge, but such a challenge cannot be brought during commitment proceedings. See § 394.9215(2), Fla. Stat. (2002). Our affirmance is without prejudice to the defendant to institute a habeas corpus proceeding under section 394.9215, Florida Statutes. We express no opinion on the merits of any such claim.
The defendant argues that the court erred by rejecting his request for a special jury instruction. The defendant relies on the decision of the United States Supreme Court in Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), in which the court ruled that in commitment proceedings of this type, *112 “there must be proof of serious difficulty-in controlling behavior.” Id. at 418, 122 S.Ct. 867. The State opposed the request, arguing that under Westerheide v. State, 881 So.2d 93 (Fla.2002), the standard jury instruction is sufficient. The court denied the request for the special jury instruction.
There is a conflict between the district courts of appeal on this issue. Compare In re Commitment of Allen, 870 So.2d 168 (Fla. 2d DCA 2004), and Hale v. State, 834 So.2d 254 (Fla. 2d DCA 2002), review granted sub nom. State v. White, 859 So.2d 515 (Fla.2003) with White v. State, 826 So.2d 1043 (Fla. 1st DCA 2002), review granted, 859 So.2d 515 (Fla.2003).
We follow Allen and Hale, and affirm the trial court’s ruling. We certify the same question of great public importance that the Second District certified in Allen:
MAY AN INDIVIDUAL BE COMMITTED UNDER THE JIMMY RYCE ACT IN THE ABSENCE OF A JURY INSTRUCTION THAT THE STATE MUST PROVE THAT THE INDIVIDUAL HAS SERIOUS DIFFICULTY IN CONTROLLING HIS OR HER DANGEROUS BEHAVIOR?
Allen, 870 So.2d at 169.
Affirmed; question of great public importance certified.*

 We express no opinion on the exact wording of the defendant’s proposed special jury instruction. In the trial court, the State's objection was that the defendant was not entitled to have any special instruction at all. Should it be determined that the defendant is entitled to a special instruction, any objections to the wording of the instruction can be considered in further proceedings.